LUIS SIERRA RIVERA, demandante y recurrido, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* R-77-442      *Resuelto:* 21 de febrero de 1978

*Héctor A. Colón Cruz, Procurador General, y Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico; *Juan Marín Hernández,* abogado del demandante y recurrido.

### SENTENCIA

El pasado 4 de enero de 1978 dictamos en el presente caso una resolución sobre mostración de causa en los siguientes términos:

"Apareciendo de la solicitud de revisión y documentos anejos que el recurrido Luis Sierra Rivera instó demanda de reclamación de daños contra el Estado Libre Asociado en la que alegó que el Negociado de Vehículos de Motor suministró información errónea a la Policía aseverando que él era dueño de un vehículo de motor, a pesar de que ya lo había vendido y efectuado el traspaso correspondiente; que como consecuencia de esa información

errónea fue arrestado y conducido ante un magistrado por supuestamente haber cometido con dicho vehículo una infracción a la Ley de Automóviles y Tránsito; que el tribunal de instancia declaró con lugar la demanda y condenó al Estado Libre Asociado a indemnizar al recurrido Sierra en la suma de $1,500.00 por los daños alegadamente sufridos; apareciendo, además, que se citó a Sierra al Cuartel de la Policía antes de someterse el caso a un magistrado para determinación de causa probable, pero no compareció, que su incomparecencia causó el que se radicara denuncia contra él, y, no habiéndose demostrado que la acción de la Policía al radicar la denuncia fue una de instigación maliciosa, se concede un término de diez días al recurrido para que comparezca a mostrar causa, si alguna tuviere, por la cual no se deba expedir el auto y una vez expedido revocar la sentencia recurrida y ordenar el archivo de la demanda."

Oportunamente compareció el recurrido pero sus argumentos no nos convencen.

Se expide el auto, se revoca la sentencia recurrida y se ordena el archivo de la demanda.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente.

(*Fdo.*) Ernesto L. Chiesa

*Secretario*

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué.

San Juan, Puerto Rico, a 21 de febrero de 1978

La sentencia del Tribunal revoca la concesión de daños porque no se demostró que la acción de la Policía fuera "una instigación maliciosa." Estoy de acuerdo en que no hubo instigación maliciosa. Lo que la sentencia pasa por alto es la negligencia del Negociado de Vehículos de Motor al suministrar a la Policía información errónea, hecho este que inicia

la cadena de eventos en que se perjudicó al demandante, culminando en su arresto. Por esa actuación negligente el Estado viene obligado a responder por los daños que ello causó.

Confirmaría la sentencia recurrida.